1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO JULIO, an individual; and CLEOPATRA JULIO, an individual,<br><br>               Plaintiffs,<br>     v.<br><br>WELLS FARGO BANK, a National Association; US BANK, a National Association; STANTON MORTGAGE, INC., a business entity, form unknown; ELSIE FOSTER, an individual; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No.: 11-CV-00696-LHK<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE |

Plaintiffs Antonio Julio and Cleopatra Julio, proceeding *pro se*, filed suit in California state court, seeking injunctive relief and damages related to a mortgage transaction involving property located in Hawaii. After removing the action to the Northern District of California, Defendant Wells Fargo Bank, N.A., moved to dismiss this action for improper venue and failure to state a claim upon which relief can be granted. Defendant Elsie Foster subsequently filed a separate motion to dismiss for lack of personal jurisdiction and failure to state a claim, and also joined in Wells Fargo's motion to dismiss. Having considered the submissions and arguments of the parties, the Court finds that the case must be dismissed for improper venue and GRANTS Defendants' motion to dismiss without prejudice.

**United States District Court**
For the Northern District of California

## I.   Background

This case arises out of a mortgage transaction involving property located in Waianae, Hawaii.  Compl. ¶ 1.  On April 11, 2006, Plaintiffs purchased a second home located at 87-1730 Farrington Highway, Waianae, Hawaii 96792.  *Id.*  In order to finance the purchase, Plaintiffs entered into a loan repayment and security agreement with Defendant Wells Fargo Bank in the amount of $214,000.  Compl. ¶ 2.  Plaintiffs allege that this loan was subsequently sold or assigned to US Bank.  Compl. ¶ 3.  Plaintiffs also state that Defendant Stanton Mortgage, Inc., located in Honolulu, Hawaii, acted as the broker for their mortgage transaction, and that Defendant Elsie Foster acted as an agent for the foreclosing beneficiary and left numerous letters at the property in Waianae, Hawaii.  Compl. ¶¶ 4-5.

Based upon the publicly recorded documents submitted by Wells Fargo, which are properly subject to judicial notice,[1] it appears that Plaintiffs defaulted on their loan agreement, and on March 23, 2011 US Bank issued a Notice of Mortgagee's Intention to Foreclose under Power of Sale.  Request for Judicial Notice ("RJN") Ex. B, ECF No. 6.  Apparently Plaintiffs failed to cure the default, and on June 24, 2010, their property was sold at public auction to US Bank, as Trustee for J.P. Morgan Mortgage Acquisition Trust.  RJN Ex. C at 1-2.

On December 28, 2010, Plaintiffs filed suit in the California Superior Court for Santa Clara County, asserting claims under federal and California law against Defendants Wells Fargo, US Bank, Stanton Mortgage, Inc., and Elsie Foster.  The Complaint alleges that Defendants engaged in unlawful and fraudulent practices in originating Plaintiffs' loan and foreclosing on their property.  Plaintiffs seek damages, rescission of the mortgage agreement, injunctive relief to prevent

---

[1] Wells Fargo requests that the Court take judicial notice of three documents recorded in the official records of the State of Hawaii Bureau of Conveyances, including Plaintiffs' mortgage, the Notice of Mortgagee's Intention to Foreclose under Power of Sale, and the Mortgagee's Affidavit of Foreclosure Sale under Power of Sale.  *See* RJN.  Each of these documents is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Accordingly, the Court grants Defendant's request for judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that a court may take judicial notice of matters of public record in ruling on a motion to dismiss).

2

Case No.: 11-CV-00696-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE

foreclosure and sale of the property, and declaratory relief regarding the ownership of the Waianae property.

Wells Fargo removed the action to the United States District Court for the Northern District of California on February 17, 2011.  On February 22, 2011, Defendant Wells Fargo Bank, N.A., moved to dismiss this action for improper venue and failure to state a claim upon which relief can be granted.  On March 7, 2011, Defendant Elsie Foster filed a separate motion to dismiss for lack of personal jurisdiction and failure to state a claim, and also joined in Wells Fargo's motion to dismiss.  The case was subsequently reassigned to the undersigned Judge, and the Court issued an order setting a schedule for briefing of and hearing on the motions to dismiss.  *See* Order Setting Briefing Schedule and Hearing on Motions, ECF No. 14.  When Plaintiffs failed to file an opposition by the court-ordered deadline, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute.  *See* Order to Show Cause, ECF No. 17.  The Court indicated that the Order to Show Cause did not constitute permission to file a late opposition to the motions to dismiss.  *Id.* at 2.  Nonetheless, instead of responding to the Court's order, Plaintiffs filed a late opposition brief.  Because Plaintiffs are proceeding *pro se*, the Court will consider their late-filed opposition and will now consider Defendants' motions to dismiss.

**II.  Motion to Dismiss for Improper Venue**

Defendant Wells Fargo moves to dismiss the instant action for improper venue and for failure to state a claim pursuant to Rule 12(b)(6).  Defendant Elsie Foster joins in Wells Fargo's motion and also moves to dismiss the claims against her for lack of personal jurisdiction.  Because the Court finds that the entire action must be dismissed for improper venue, the Court does not reach Foster's motion to dismiss for lack of personal jurisdiction or consider in detail the sufficiency of Plaintiffs' claims under Rule 12(b)(6).

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue.  Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  When considering a motion to

Case No.: 11-CV-00696-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE

1    dismiss for improper venue, a court need not accept the pleadings as true and may consider facts

2    outside of the pleadings. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

3    Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must

4    either dismiss the action or, if it is in the interests of justice, transfer the case to a district or

5    division in which it could have been brought.  Whether to dismiss for improper venue, or

6    alternatively to transfer venue to a proper court, is a matter within the sound discretion of the

7    district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

8            **B.  Venue Analysis**

9            Generally, 28 U.S.C. § 1391(b) governs venue in actions, like this one, in which jurisdiction

10   is founded on federal question jurisdiction.  Under § 1391(b), venue is proper only in:

11           (1) a judicial district where any defendant resides, if all defendants reside in the
             same State, (2) a judicial district in which a substantial part of the events or
12           omissions giving rise to the claim occurred, or a substantial part of property that is
             the subject of the action is situated, or (3) a judicial district in which any
13           defendant may be found, if there is no district in which the action may otherwise
             be brought.
14

15   28 U.S.C. § 1391(b).  However, California district courts have found that the "local action

16   doctrine" governs cases in which a plaintiff seeks rescission of a mortgage in order to avoid

17   foreclosure. *See Fowler v. Wells Fargo Bank, N.A.*, No. 10-3933-EDL, 2011 WL 175506, at *3-4

18   (N.D. Cal. Jan. 18, 2011) (applying local action doctrine to case alleging wrongful foreclosure of

19   property located in Hawaii); *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1158 (C.D. Cal.

20   2010) (applying local action doctrine to action seeking damages and rescission of a mortgage

21   transaction involving property in Texas).

22           Under the local action doctrine, "[a] local action involving real property can only be

23   brought within the territorial boundaries of the state where the land is located." *Hayes v. Gulf Oil

24   Corp.*, 821 F.2d 285, 287 (5th Cir. 1987); *see also United States v. Byrne*, 291 F.3d 1056, 1060

25   (9th Cir. 2002) ("The federal district courts' jurisdiction over actions concerning real property is

26   generally coterminous with the states' political boundaries.").  Generally, courts look to the law of

27   the state in which they sit to determine whether an action is "local." *See Prawoto*, 720 F. Supp. 2d

28   at 1154-55.  In *Prawoto*, the court provided an extensive analysis of California state law on local

4

United States District Court
For the Northern District of California

1   actions and determined that California treats as local any action for the recovery of real property,

2   the determination of rights or interests in real property, and the foreclosure of liens and mortgages

3   on real property.  *Id.* at 1155; *see also* Cal. Code Civ. P. § 392(a).[2]  The *Prawoto* court concluded

4   that an action seeking rescission of a mortgage transaction is local, even if the action also seeks

5   monetary damages.  *Id.* at 1155-58.  The Ninth Circuit has also indicated that a federal district

6   court cannot adjudicate actions seeking to quiet title to property located in another state.[3]  *See*

7   *Byrne*, 291 F.3d at 1060 (stating, in quiet title and ejectment action, that "[t]he federal district

8   courts' jurisdiction over actions concerning real property is generally coterminous with the states'

9   political boundaries"); *Sherrill v. McShan*, 356 F.2d 607, 610 (9th Cir. 1966) (suggesting that a

10  district court lacks jurisdiction to adjudicate quiet title actions involving property located in another

11  state).

12          Here, Plaintiffs seek an order quieting title, Compl. ¶¶ 143-46; a declaration that

13  Defendants' security interest in the property is void and title remains in Plaintiffs' name, Compl.

14  ¶¶ 50-51; and a determination of the nature and validity of the lien on the property, Compl. ¶¶ 58-

15  63.  Plaintiffs also seek rescission of the mortgage, Compl. ¶¶ 79, 107-110; cancellation of the

16  foreclosure sale, Compl. ¶¶ 158-59; and injunctive relief enjoining Defendants from asserting any

17  ownership or legal rights in Plaintiffs' property, Compl. ¶¶ 160-64.  Each of these claims involves

18  a determination of the parties' ownership interest in real property located in the state of Hawaii.

19  Accordingly, under the local action doctrine and the reasoning of *Prawoto*, venue in the Northern

20  _____

[2] The California Code of Civil Procedure provides that "the superior court in the county where the real property that is the subject of the action, or some part thereof, is situated, is the proper court for the trial of the following actions:  (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property.  (2) For the foreclosure of all liens and mortgages on real property."  Cal. Code Civ. P. § 392(a).

[3] There appears to be some dispute as to whether "local action doctrine" is better understood as a doctrine of venue or subject matter jurisdiction.  *See Prawoto*, 720 F. Supp. 2d at 1153 & n.6 (applying local action doctrine on motion to dismiss for improper venue, but noting that Ninth Circuit precedent suggests that the doctrine may be jurisdictional); *Durbin v. National Loan Investors*, No. C02-0302 BZ, 2002 WL 31052430, at *1 n.3 (N.D. Cal. Aug. 28, 2002) ("There is some dispute over whether the local action doctrine runs to the jurisdiction or the venue of a court"), *rev'd on other grounds by Durbin v. National Loan Investors, L.P.*, 111 F. App'x 485 (9th Cir. 2004); *Fowler*, 2011 WL 175506 (treating local action doctrine as a venue rule).  This Court need not determine the precise nature of the local action doctrine, as the outcome would be the same whether the issue is one of venue or jurisdiction.

Case No.: 11-CV-00696-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE

District of California is improper.  *See Fowler*, 2011 WL 175506, at *3-4 (finding venue in the Northern District of California improper in case alleging wrongful foreclosure and TILA violations relating to property located in Hawaii).  Moreover, under Ninth Circuit law, this court is not empowered to adjudicate Plaintiffs' requests to quiet title to property located in Hawaii.  Plaintiffs did not address the issue of venue in their opposition brief.  Accordingly, for the reasons discussed above, the Court finds that venue in the Northern District of California is improper.

### C.  Dismissal vs. Transfer

Under 28 U.S.C. § 1406(a), if the district court finds that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).  In this case, Defendants argue that the case should be dismissed for improper venue.  Although Plaintiffs generally oppose dismissal, they have not requested transfer to the District of Hawaii or argued that such transfer would be in the interests of justice.

Moreover, the Court agrees with Defendants that Plaintiffs' claims, as currently pled, are likely subject to dismissal, a factor that counsels against transfer.  *See Fowler*, 2011 WL 175506, at *2 ("Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer.").  The Complaint lacks factual allegations specific to Plaintiffs' loan transaction or the foreclosure proceedings instituted against them, and instead consists largely of broad statements about the operation of the mortgage industry and conclusory allegations directed at "Defendants" generally.  As such, Plaintiffs' Complaint as a whole fails to satisfy the basic pleading requirements imposed by Federal Rule of Civil Procedure 8(a).  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Furthermore, as to Plaintiffs' claims under California law, Defendants are correct that these claims are subject to dismissal because the laws of Hawaii, rather than the laws of California, govern claims relating to the mortgage agreement and foreclosure process in this case.  The mortgage agreement signed by Plaintiffs explicitly states that it "shall be governed by federal law

6

and the law of the jurisdiction in which the property is located" – that is, Hawaii.  RJN Ex. A ¶ 16.
In addition, because the property is located in Hawaii, the foreclosure process is governed by the
mortgage foreclosure procedures set forth in Chapter 667 of the Hawaii Revised Statutes, rather
than California law.

Finally, because Plaintiffs brought suit more than four years after entering in the mortgage
agreement, their federal claims under the Truth in Lending Act ("TILA") and the Real Estate
Settlement Procedures Act ("RESPA") are likely barred by the applicable statutes of limitations.
Both TILA and RESPA impose a one-year statute of limitations for damages claims of the type
asserted by Plaintiffs.  *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614 (imposing one-year statute of
limitations for claims under 12 U.S.C. § 2607, which deals with kickbacks and unearned fees).
Although equitable tolling may apply to these claims, *see King v. California*, 784 F.2d 910, 915
(9th Cir. 1986), Plaintiffs have alleged no facts suggesting that they lacked a reasonable
opportunity to discover the alleged TILA and RESPA violations in the more than four years
between the consummation of the loan and the initiation of this action.  In addition, Plaintiffs'
claim for rescission under TILA is barred by the three-year statute of repose under 15 U.S.C.
§1635(f).  As equitable tolling does not apply to rescission claims under TILA, this claim would be
subject to dismissal with prejudice.  *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164
(9th Cir. 2002) ("section 1635(f) represents an absolute limitation on rescission actions which bars
any claims filed more than three years after the consummation of the transaction") (quotation
marks and citation omitted).

Based on this review, the Court finds that Plaintiffs' Complaint would likely be subject to
dismissal even if the case were transferred to the District of Hawaii.  Moreover, Plaintiffs have not
requested transfer to the District of Hawaii or argued that the interests of justice favor transfer.
Accordingly, the Court cannot find that transfer would be in the interests of justice and concludes
that dismissal is appropriate in this case.

**III. Conclusion**

For the reasons discussed above, the Court GRANTS Wells Fargo's motion to dismiss for
improper venue.  Plaintiffs' Complaint is dismissed in its entirety, without prejudice to Plaintiffs'

7

renewing their lawsuit in the District of Hawaii, or another appropriate court, should they choose to do so.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 21, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00696-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE